FELICITE PRIEUR, WIDOW R. LEMONIER *v.* J. N. DEPOUILLY, PATRICK    8    399
KIRWIN and M. J. BRENAN.                                          45   798

Where a contract of lease expressly excludes the right of sub-leasing, the premises cannot be leased
without the consent of the lessor.
It is not necessary that the lessor should take any notice of the contract of sub-lease, or seek to inter‾
fere with it any further than it interferes with his rights.
Article 2696 of the Code prohibiting the lessee to sub-lease, is to be construed against the lessee.
Where the lessee sub-leases, without the lessor's consent, such sub-lease does not affect the lessor's right
against his immediate lessee, and the lessor cannot be compelled to resort to an action to rescind the
lease, and may exercise his privilege on the property in the leased premises.

APPEAL from the Second District Court of New Orleans, *Lea,* J. *Bermudez,*
for plaintiff. *Roselius,* for *Brenan,* appellant.

The following judgment was pronounced in the District Court, by
*Lea,* J.    In this case the facts, as disclosed by the evidence, are correctly
stated in the petition.    On the 18th August, 1847, the plaintiff leased certain
premises to *Rouen & Depouilly,* for the space of ten years, commencing on the
1st March, 1847, at an annual rent of $720, payable in equal monthly instal-
ments of $60 per month.    A special reservation was made in the lease, that no
assignment or sub-lease should be made without the consent of the lessor.    On
the 23d May, 1849, an assignment, or transfer of the lease, was made with the
consent of the lessor, to *J. P. Kirwin,* who assumed all the obligations in said
lease contained, and promised *to comply with all its clauses, conditions and sti-
pulations.* *J. N. Depouilly* bound himself as surety, in *solido,* for *Kirwin,* for
the payment of the rent and the fulfillment of the other obligations.    In other
words, *Kirwin* was considered as standing in the shoes of the former lessees.
On the 22d May, 1852, *Kirwin* transferred the lease to *M. J. Brenan,* without
the consent of the lessor, and this suit is brought for the rent alleged to be due
and to become due, on the ground that *Kirwin* was removing part of the effects
on which the lessor had a privilege, and for the cancellation of the sale and
transfer of the lease to *Brenan.* *Kirwin* and *Depouilly,* for answer, allege that
they have no interest as defendants, the lease having been transferred to *Brenan,*
who, for answer, pleads the general denial, alleging that he has paid the rent as
it fell due, with the exception of that due for the last month prior to the institu-
tion of the suit, which rent was tendered by respondent and refused.

It appears to me that, considering the testimony of *T. W. Collins* and *A.
Prieur,* the plaintiff was justified in obtaining the seizure of the property, and
to such a judgment as is* contemplated in proceedings had under the Act of
1839, p. 172.

The next question to be determined is, whether *Kirwin* had a right to sub-
stitute *Brenan* as a tenant in his place, without the consent of the lessor.    It
appears to me that the terms of the contract expressly excluded any such right,
and forbid the transfer.

It is not a sufficient answer to say that the lessor has nothing to do with the
contract between *Kirwin* and *Brenan,* and cannot, therefore, sue for its rescis-
sion.    It is not necessary that the lessor should take any notice of the contract,
or seek to interfere with it any further than it interferes with her rights; but
she has a right to the enforcement of her own contract, according to its terms.
Under that contract she reserved the right to choose her own tenant, and this

<div style="margin-left:margin">PRIEUR<br>v.<br>DEPOUILLY ET AL.</div> right, though it may be exercised injuriously at times, is nevertheless very often essential to the preservation of property.

It is suggested that, according to the concluding clause of Article 2696, the prohibition to sub-lease, or transfer the lease, should be construed strictly against the lessor. The interpretation given to this clause by the Supreme Court, is directly the reverse of this. See 4th Annual, page 40. It appears to me that, under the contract, the plaintiff has a right to insist that *Brenan* shall cease to be her tenant, and that the transfer, so far as it affects her rights as lessor, be set aside; and further, that she has the right to enforce the contract with *Kirwin*, and that she cannot be compelled to resort to an action for the rescission or annullment of the lease.

I have not thought proper to notice the fact referred to by one of the counsel, viz: that *Kirwin* has made a surrender of his property. No such fact is set forth in the pleading, or shown by the evidence.

The Court having duly considered this case, for the reasons assigned in the written opinion this day delivered and on file, it is ordered, adjudged and decreed that the plaintiff, *Félicité Prieur*, have and recover against the defendants, *J. P. Kirwin* and *J. N. Depouilly*, in *solido*, for the sum of one hundred and eighty dollars for rent now due, with interest thereon, at the rate of five per cent. per annum on sixty dollars thereof from the 1st day of November, 1852, till paid; and on sixty dollars thereof from the 1st day of December, 1852, till paid; and on sixty dollars thereof from the 1st day of January, 1853, till paid; and for the further sum of three thousand dollars, payable in monthly instalments of sixty dollars each, commencing on the 1st day of February, 1853, and ending on the 1st day of March, 1857, with costs of suit, the whole with the privilege of lessor upon the property sequestered herein, with leave to said plaintiff to take out execution therein, from time to time, as said instalments shall respectively fall due.

It is further ordered that the transfer of the lease from *Kirwin* to *Michael J. Brenan* be avoided and set aside, so far as it affects the rights of the plaintiff herein, and that said plaintiff have judgment, decreeing that said *Brenan* be, and is not entitled to occupy said premises as tenant or sub-lessee of said *Kirwin*, or as holding said premises in virtue of any transfer from said *Kirwin*.

SLIDELL, C. J.* The reasons given by the District Judge for his judgment appear to us satisfactory.

As to the tender said to have been made by *Brenan*, the lessor had a right to disregard it, *Brenan* not being her tenant.

Judgment affirmed, with costs.

---

* CAMPBELL, J., absent.